IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VINCENT S.,[1]

          Plaintiff,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

          Defendant.

Case No. 6:20-cv-00108-CL

**OPINION AND ORDER**

**CLARKE, Magistrate Judge.**

Vincent S. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is affirmed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. Id. Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" Bray, 554 F.3d at 1222 (quoting Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

I.  **PLAINTIFF'S APPLICATION**

Before applying for SSI, Plaintiff worked as an auto mechanic. (Tr. 286.) Plaintiff's application for SSI alleges disability as of November 1, 2016 due to neck and back pain, shoulder problems, carpal tunnel syndrome, neuropathy, sleep apnea, obesity, diabetes mellitus, chronic obstructive pulmonary disease, chronic right ankle sprain, and coronary artery disease. (Tr. 197.) The Commissioner denied Plaintiff's application for SSI initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). After an

PAGE 2 – OPINION AND ORDER

administrative hearing, ALJ Rauenzahn issued a written decision dated December 3, 2018, denying Plaintiff's application. (Tr. 13-20.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff now seeks judicial review of that decision.

## II.  THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. Id. at 724-25. The claimant bears the burden of proof for the first four steps. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. Id.; Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. Bustamante, 262 F.3d at 954 (citations omitted).

### III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 15-20.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of November 1, 2016. (Tr. 15.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine with radicular symptoms status post surgery; mild lumbar and thoracic scoliosis; bilateral rotator cuff strains and right rotator cuff syndrome; bilateral carpal tunnel syndrome, status post right carpal tunnel release; mild right ulnar neuropathy; obstructive sleep apnea; obesity; diabetes mellitus; chronic obstructive pulmonary disease (COPD); chronic right ankle sprain with mild right degenerative joint disease; diabetic neuropathy; and coronary artery disease. (Tr. 15.)

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. (Tr. 16.)

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform light work with the following limitations: he can lift and carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for approximately 2 hours and sit for approximately 6 hours in an 8-hour workday with normal breaks; he should have the freedom to change positions briefly for 1-2 minutes, each hour, while remaining on task; he cannot climb ladders, ropes, or scaffolds and can occasionally climb stairs and ramps; he can occasionally stoop, kneel, crouch, and balance but he cannot crawl; he can occasionally reach overhead with bilateral upper extremities and frequently reach in all other directions with the right upper extremity; he can frequently handle, finger, and feel with the bilateral upper extremities; he can understand, remember, and carry out uninvolved and routine instructions that require only occasional predictable variations from standard procedures consistent with reasoning

PAGE 4 – OPINION AND ORDER

level of 2; and he can have occasional exposure to atmospheric conditions and no exposure to moving mechanical parts and high, unprotected place hazards, all as rated by the DOT. (Tr. 17.)

At step four, the ALJ found that Plaintiff had no past relevant work. (Tr. 19.) At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including electronics worker, inspector hand packager, and production assembler. (Tr. 20.) The ALJ therefore concluded that Plaintiff was not disabled. (Tr. 20.)

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting Plaintiff's subjective symptom testimony; and (3) failing to include all of Plaintiff's obesity-related limitations in the RFC.

## DISCUSSION

### I. MEDICAL OPINION EVIDENCE

Plaintiff first argues that the ALJ improperly rejected the opinion of Physician Assistant (PA) Katelyn Matzoll. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The

PAGE 5 – OPINION AND ORDER

ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Treating physician assistant Matzoll completed a 5-page questionnaire regarding Plaintiff's impairments. (Tr. 517-21.) In the questionnaire, PA Matzoll opined that Plaintiff would need to lay down for ten minutes of every hour, and that he would miss four or more workdays per month. (Tr. 520-21.)

The ALJ rejected PA Matzoll's opinion. (Tr. 18-19.) The ALJ first found that PA Matzoll's opinion was not supported by the medical record. The ALJ need not accept a physician's opinion that is inadequately supported by clinical findings. Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012). Here, while PA Matzoll opined that Plaintiff had weakness in his legs, various other treatment records showed that Plaintiff had normal muscle tone and strength and that he walked with a normal gait. (Tr. 416, 443, 524.) In 2018, Plaintiff also reported to PA Matzoll that he had no muscle weakness. (Tr. 448.) On this record, it was reasonable for the ALJ to infer the PA Matzoll's opinion regarding Plaintiff's leg strength conflicted with the medical records.

The ALJ next found that PA Matzoll's opinion was not consistent with objective evidence in the record. (Tr. 18-19.) The ALJ may discount a medical opinion when it is inconsistent with the record. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, while PA Matzoll opined that Plaintiff would need to lie down for ten minutes every hour, Plaintiff testified that laying down did not actually alleviate his overall pain, and that he only needed to lie down "every

PAGE 6 – OPINION AND ORDER

once in a while." (Tr. 19, 38.) On this record, the ALJ provided legally sufficient reasons for rejecting PA Matzoll's opinion that were based on a rational reading of the record. While Plaintiff provides an alternative reading of the record, the Court must affirm the ALJ's reasoning when based upon substantial evidence supported by legally sufficient reasons.

## II.   SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff next argues that the ALJ improperly rejected his subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014). At the administrative hearing, Plaintiff testified that he was unable to work primarily due to back and neck pain. Plaintiff also alleged that he was so limited that he has problems walking more than 100 feet at a time. (Tr. 37.)

The ALJ rejected Plaintiff's testimony to the extent that it conflicted with the RFC. (Tr. 17-19.) The ALJ first noted that Plaintiff's statements were contradicted by the medical opinion evidence of record. The ALJ may consider objective medical evidence when assessing a claimant's testimony and may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony. 20 C.F.R. 416.929(c)(2); Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, while Plaintiff claimed that his neck, back, hip, and wrist pain were not mitigated by physical therapy, medical records reveal that Plaintiff presented in no distress when he visited Pain Consultants of Oregon in late 2016. (Tr. 18, 286.) Further, although Plaintiff complained of leg pain and diffuse tenderness to palpitation, he walked with a normal gait. (Tr. 18, 286.) Other medical providers found that Plaintiff had normal muscle tone and strength. (Tr. 416, 443, 452, 524.) On this record, it was reasonable for the ALJ to infer that Plaintiff was less limited than alleged in his testimony because his allegations were contradicted by the medical record. Carmickle, 533 F.3d at 1161.

PAGE 7 – OPINION AND ORDER


As further medical evidence contradicting Plaintiff's statements regarding his pain-related symptoms and limitations, the ALJ noted that Plaintiff exhibited a normal range of motion in all extremities immediately after his allegedly disabling ankle injury of 2017. (Tr. 18, 349.) Three months following the accident, Plaintiff presented with "good" ankle strength and was in no acute distress. (Tr. 349.) This evidence further supports the ALJ's conclusion that Plaintiff was not as limited as alleged in his testimony. Because the ALJ provided a legally sufficient reason for rejecting Plaintiff's testimony that he suffers from disabling pain, the ALJ's evaluation of Plaintiff's testimony was free of harmful error.

### III.  OBESITY

Plaintiff argues, finally, that the ALJ failed to consider Plaintiff's obesity and to include all of his obesity-related limitations in Plaintiff's RFC. The ALJ must evaluate each claimant's case based on the information in the case record. Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005). The ALJ is not required to discuss the combined effects of a claimant's impairments unless the claimant provides evidence to establish equivalence. Id., at 683.

Here, Plaintiff's briefing does not cite to any examples in the medical record to show that his obesity affected his ability to function or exacerbated his other impairments in ways that were not already accounted for in the RFC. The ALJ specifically noted that Plaintiff's obesity was a severe impairment and explained that it did not exacerbate any impairment such that Plaintiff satisfied a listing at step three. (Tr. 15-16.) Further, in Plaintiff's disability report of November 18, 2017, Plaintiff did not cite obesity as a medical condition that limited his ability to work. (Tr. 17, 242.) In his function report of January 25, 2017, Plaintiff did not cite obesity as a limiting impairment. (Tr. 213-21.) On this record, the ALJ properly evaluated Plaintiff's impairments based

on the case record and reasonably accounted for Plaintiff's obesity-related limitations in the RFC. The ALJ's decision is affirmed.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

DATED this 21st day of September, 2021.

_____
MARK CLARKE
United States Magistrate Judge